OPINION
Defendant-appellant William E. Norman appeals the October 27, 2000 Judgment Entry of the Muskingum County Court of Common Pleas which found appellant guilty of gross sexual imposition and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On May 3, 2000, the Muskingum County Grand Jury indicted appellant with one count of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. At a May 10, 2000 arraignment, appellant plead not guilty to the charge. The matter proceeded to a jury trial on October 24, 2000.
At trial, the State presented the testimony of twelve witnesses, including Raven Johnson, the six year old victim; Shirley Corbett, an eyewitness to the sexual assault; Gail Horner, a nurse from Childrens Hospital who examined the child shortly after the incident; and Dr. James Neuenschwander, the emergency room physician who treated the child.
Raven Johnson testified she went to a nearby park with appellant, her uncle, on April 30, 2000. Once at the park, appellant asked her to sit beside him on top of a picnic table at the shelter house. Raven testified appellant reached under the pant leg of her bib overalls and under her panties and fondled her genital area.
Ms. Corbett testified she observed a man she identified as appellant, and a small girl sitting on top of a picnic table in the shelter house across the street from her home. Ms. Corbett testified she observed this man repeatedly place his hand under the little girl's clothing. Although she could not be sure exactly what he was touching, she could observe appellant's hand making a stroking motion.
Appellee also provided expert witness testimony regarding the child's physical injuries. These health care professionals observed a 0.5 cm abrasion the day of the alleged incident. The next day, the abrasion was not observable, but some local redness was present. The witnesses stated their observations could be consistent with a history of digital penetration. However, the witnesses did state digital penetration was only one of a number of possibilities which could have caused the abrasion or redness observed.
At the conclusion of the State's case, appellant made a motion for acquittal pursuant to Crim. R. 29. The trial court denied this motion. The defense rested without calling any witnesses. The jury returned a verdict of not guilty on the charge of rape, but guilty on the lesser included offense of gross sexual imposition, in violation of R.C.2907.05(A)(4), a felony of the third degree.
The trial court conducted a sentencing hearing on October 27, 2000. The parties agreed appellant would be classified as a sexual oriented offender. After hearing testimony concerning the presentence investigation, the trial court found the shortest sentence would demean the seriousness of the crime and appellant had committed the worst form of the offense. In an October 27, 2000 Judgment Entry, the trial court sentenced appellant to the maximum term of five years in prison. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. DEFENDANT-APPELLANT'S RIGHT TO A FAIR AND IMPARTIAL TRIAL WAS MATERIALLY PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF HIS COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS.
 II. THE TRIAL ERRED BY OVERRULING DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.
 III. THE MAXIMUM SENTENCE IMPOSED BY THE TRIAL COURT UPON THE DEFENDANT-APPELLANT IS CONTRARY TO LAW.
 I
In appellant's first assignment of error, he maintains he was denied effective assistance of counsel. Specifically, appellant points to his trial counsel's failure to offer any witnesses in his defense. Appellant argues his counsel was deficient in failing to offer medical testimony to rebut or weaken the testimony provided the State's witnesses and further conducted only minimal cross examination. Instead of presenting a defense, appellant maintains his trial counsel relied on the relative weaknesses of appellee's case. Appellant maintains this neglect denied him his right to a fair trial. We disagree.
The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; State v. Combs, supra.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
The court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, supra, at 143 (Citing Strickland, 466 U.S. at 697).
We agree with appellee; appellant cannot establish prejudice as a result of his counsel's trial tactics. The record before us does not indicate what any defense witnesses might have testified. Appellant has not suggested what witnesses were available to testify on his behalf, what evidence any such witness might have offered, or how such evidence would have contradicted the evidence presented by the State. Without a record showing, we find appellant cannot demonstrate prejudice as required by the second prong of Strickland. Appellant's argument a medical expert would have helped establish appellant's innocence is purely speculative.
Upon our review, we do not find appellant's counsel's cross-examination was ineffective.
Accordingly, appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court erred in overruling his motion for acquittal at the close of the State's case. We disagree.
A Crim. R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. See, State v. Williams (1996),74 Ohio St.3d 569, 576; State v. Miley (1996), 114 Ohio App.3d 738,742. Crim. R. 29(A) allows a trial court to enter a judgment of acquittal when the state's evidence is insufficient to sustain a conviction. The trial court may not grant a defendant's Crim. R. 29(A) motion, however, "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. In making this determination, the trial court must construe the evidence in a light most favorable to the prosecution. Id. at 263. An appellate court undertakes de novo review of the trial court's decision on a Crim. R. 29(A) motion and will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all the elements of the crime beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus; see, also, Miley,supra, at 742. If any rational trier of fact could have found the essential elements of an offense proven beyond a reasonable doubt, the appellate court will not disturb a conviction. Williams, supra at 576;Jenks, supra at 273.
Appellant was charged with the crime of rape. Rape is defined in R.C.2907.02(A)(1)(b) as:
 A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
Sexual conduct is defined in R.C. 2907.01(A) to include the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another, without privilege to do so.
We find no error in the trial court's decision to deny appellant's Crim. R. 29 motion. The testimony of the victim, as corroborated by the eyewitness and the health care professionals was sufficient to withstand appellant's motion for acquittal. Accordingly, appellant's second assignment of error is overruled.
 III
In appellant's third assignment of error, he maintains the trial court erred in imposing the maximum sentence. We disagree.
Pursuant to R.C. 2953.08(G), our standard of review on this issue is clear and convincing evidence. R.C. 2929.14 governs the imposition of a maximum prison term. The statute states, in relevant part:
 (C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence. The trial court also must provide its reasons. As stated in R.C. 2929.19(B)(2)(d):
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term* * *
Thus, a trial court has discretion to impose a maximum sentence if it determines one of the factors listed in R.C. 2929.14(C) exists, and it explains its reasons for imposing a maximum sentence as required by R.C.2929.19(B)(2)(d). In addition, the trial court must consider any relevant factors and all factors set forth in R.C. 2929.12 which are applicable when determining if the offender committed the worst form of the offense or poses the greatest likelihood of committing future crimes.
Accordingly, we must turn to the sentencing hearing to determine if the trial court stated its reasons for imposing the maximum sentence. If the trial court fails to provide such reasons, either orally or in the sentencing entry, the matter would have to be remanded for resentencing."State v. Garcia (1998), 126 Ohio App.3d 485, 488, 710 N.E.2d 783; Statev. Gibbons, (March 30, 2000), Stark App. No. 1998CA00158, unreported.
At the October 27, 2000 sentencing hearing, the trial court made the following statements:
 THE COURT: Do you have anything you want to say on your own behalf?
THE DEFENDANT: No, sir.
 THE COURT: Mr. Norman, you having been convicted by a jury of your peers of one count, that count being gross sexual imposition, a felony of the third degree, the Court finds that a felony of the third degree carries no presumption for or against prison.
 The Court finds that the nature of this offense is a sex offense. The Court further finds that the age of the victim in this case was Age 6 at the time of the offense.
 This offense was facilitated by — because of your relationship between you and the victim. You are the great uncle of the victim. The Court also finds that you held a position of trust with the victim based upon that relationship.
 The Court also finds that you have prior criminal convictions; and though those prior criminal convictions are a substantial period of time ago, during that time, though, of your prior conviction, you failed to respond to parole.
 There appears to be no showing of genuine remorse in this offense; and you were given an opportunity to speak here, and you chose not to do so. And you also have previously served a prison term.
 The Court will make the following findings. The Court finds that to impose a minimum sentence in this case would demean the seriousness of your conduct and also not adequately protect the public from future crime.
 Given the nature of this offense and the type of — of offense, the Court is well aware that sexual offenders have a propensity to repeat their offense if not adequately treated and dealt with.
 The Court finds that because of the relationship between you and the victim and the age of the victim, you have committed the worst form of this offense and what this offense was designed to protect society from; and because of the likelihood of offending again and having committed the worst form of the offense in the above already listed factors, the Court will impose the maximum sentence for this offense which is five years of imprisonment.
Tr. at 10-11.
We find the trial court's sentence was supported by the requisite record findings. Specifically, the trial court found appellant had committed the worse form of the offense due to the age of the victim and the relationship of trust between the victim and the appellant. Further, the trial court stated reasons which could support its finding appellant was most likely to re-offend. Because the trial court supported its imposition of the maximum sentence with the requisite record findings, we find the sentence was not contrary to law.
Appellant's third assignment of error is overruled.
The October 27, 2000 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 27, 2000 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
 ____________________________ By: Hoffman, P.J.
Wise, J. and Boggins, J. concur